Ronald C. BIMES, Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD, Respondent.

No. 00–3401.

United States Court of Appeals, Federal Circuit.

June 7, 2001.

Before MAYER, Chief Judge, MICHEL and LINN, Circuit Judges.

MICHEL, Circuit Judge.

This is a federal employment case. Ronald Bimes petitions for review of the April 17, 2000 decision of the Merit Systems Protection Board ("Board") dismissing for lack of jurisdiction his appeal of the decision by the Office of Personnel Management ("OPM") which approved his application for disability retirement benefits under the Federal Employees Retirement System ("FERS"). *Bimes v. Office of Pers. Mgmt.*, No. AT–844E–99–0575–I–2 (MSPB April 17, 2000). The Board's decision became final on June 30, 2000, upon the Board's denial of Bimes's petition for review. Bimes filed a timely petition for review with this court under 5 U.S.C. § 7703 (1994), and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (1994). Because OPM granted all the relief sought by Bimes in his application, and because the Board does not have jurisdiction over employee appeals from decisions granting voluntary retirements, we *affirm*.

## Background

From December 1993 until his retirement in July 1995, Bimes was employed as a GS–501–11/7 Financial Specialist with the Defense Financial Accounting Service ("DFAS"). During this time, Bimes claims he suffered from depression and an obsessive-compulsive disorder. When Bimes applied for disability retirement based on these conditions, his supervisor certified his disability, explaining that the overall decline in his work performance was related to his absenteeism and medications. On June 19, 1995, OPM approved his claim for disability retirement benefits.

Less than one month later, Bimes filed for reconsideration of OPM's decision granting his application. On July 5, 1995, Bimes's psychologist, Dr. Fradkin, sent a letter to OPM, requesting that in lieu of retirement, Bimes be transferred to a "more functional work environment" at the DFAS location in Pensacola, Florida. On July 12, 1995, Bimes submitted a letter to OPM, referencing Dr. Fradkin's letter, asking for "a reconsideration."

Numerous communications ensued in which OPM explained to Bimes, as well as U.S. Representative Joe Scarborough and U.S. Senator Bob Graham (whom Bimes had contacted regarding his claim), that he had been granted disability retirement based on the application and medical documentation that he himself had voluntarily submitted. OPM stated in one of those letters that "[w]e have no information to show that Mr. Bimes was coerced by his agency to file [for retirement], and we have no authority to require his former agency to rehire him."

On May 26, 1999, Bimes appealed OPM's award of his disability retirement to the Atlanta Regional Office of the Board, noting that in his position he had been earning approximately $43,000 per year but would only receive $16,000 through the disability retirement. On August 5, 1999, the appeal was dismissed without prejudice and on February 3, 2000, Bimes refiled his appeal. The administrative judge found that because OPM had approved Bimes's application for retirement, OPM had not issued any sort of negative decision, neither final nor initial. Holding that only final *adverse* decisions are appealable, the administrative judge dismissed the claim for lack of jurisdiction.

On June 30, 2000, the Board issued a Final Order denying Bimes's petition for review.

## Discussion

█ The petitioner makes two arguments in support of his contention that the Board does have jurisdiction over his appeal. First, he claims that OPM's refusal to render a decision on his subsequent requests to be reinstated should be viewed as a "final" decision. Bimes cites a previous decision of the Board, *Garcia v. Office of Pers. Mgmt.*, 31 M.S.P.R. 160, 161 (1986) (holding that OPM's refusal to respond to repeated requests for a decision on a retirement application could constitute the "final decision" necessary for jurisdiction). However, unlike *Garcia* in which the appellant never received a decision on his application, Bimes was not refused a decision by OPM and in fact his application for disability retirement was approved.

█ Bimes also argues, alternatively, that if the approval of his retirement were a final OPM decision, it should be considered "adverse" because it reduced his yearly income from approximately $43,000 to $16,000. However, the fact that Bimes may now regret his decision to apply for retirement and accept a smaller income does not make his decision "adverse" for the purposes of the Board's appellate jurisdiction. Bimes requested disability retirement and OPM granted his request, making the decision entirely favorable toward him. Bimes's subsequent dissatisfaction with his requested retirement benefits does not make the decision legally "adverse."

Furthermore, Bimes's July 12, 1995 request for reconsideration asks that, in lieu of retirement, Bimes be reinstated and transferred to a DFAS location in Pensacola, Florida. As OPM has explained in numerous communications to Bimes as well as to his U.S. Senator and U.S. Congressman, OPM does not have the authority to require DFAS to reinstate Bimes nor ensure that he be transferred to the Florida location. As the Board cannot provide Bimes with effective relief, it thus does not have jurisdiction over his appeal and the issue of reconsideration by OPM is moot. *See White v. Int'l Boundary & Water Comm'n*, 59 M.S.P.R. 62 (1993). It appears that the only aspect of Bimes's requested relief that OPM could grant is cancellation of his retirement benefits entirely, an option presumably less desirable to Bimes than the $16,000 he currently receives.

Although not mentioned by the administrative judge or the petitioner, we note that we have held that "[i]t is undisputed that the Board lacks jurisdiction to hear and determine an appeal from an employee who has voluntarily resigned." *Cruz v. Dep't of the Navy*, 934 F.2d 1240, 1244 (Fed.Cir.1991) (en banc) (explaining that if agency procedures "had resulted in his [involuntary] removal, the Board would have had jurisdiction over any appeal he might have filed from that appealable adverse agency action.") *Id.* at 1243-44. We see no reason to distinguish between an employee's voluntary resignation and an employee's voluntary retirement. Resignations are presumed to be voluntary, with volition being determined as of the date the resignation was submitted. *Id.* While Bimes may have subsequently changed his mind regarding the desirability of his benefits, there are no allegations that, between the date he requested and the date he received the disability retirement, he was acting involuntarily. Thus, as we held in *Cruz*, the Board lacks jurisdiction over Bimes's appeal for this reason as well.